IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROBERT WILLIAMS and LAVERNE WILLIAMS, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 06-124C (Judge Williams) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY**
**TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

This Court should dismiss plaintiffs' two count complaint for lack of subject matter jurisdiction. As we explained in our motion to dismiss, plaintiff's first count pleads an action sounding in tort and plaintiffs' second count fails to present a claim for presently due money damages. In addition, plaintiffs' second count presents a claim that Congress has committed to an administrative process with a right of review only in a United States District Court.

**ARGUMENT**

I. Plaintiffs' Claim For Fraud, Misrepresentation, And Coercion In Formation Of The Settlement Agreement Should Be Dismissed

As we explained in our motion to dismiss, the first count of plaintiffs' complaint alleges that employees of the Department of Agriculture "forced and coerced, through material misrepresentation and fraud, the 2002 [Settlement] Agreement upon Plaintiffs." Compl. ¶ 32. Plaintiffs expressly "seek the Agreement be voided." Compl. ¶ 34. That claim is a tort claim over which the Court does not possess jurisdiction. See Aetna Cas. and Sur. Co. v. United States, 655 F.2d 1047, 1059 (Ct. Cl. 1981) ("claims based on negligent misrepresentation, wrongful inducement, or the careless performance of a duty allegedly owed, are claims sounding

in tort"); Somali Development Bank v. United States, 205 Ct. Cl. 741, 508 F.2d 817, 821 (1974) (same).

In opposition to our motion, plaintiffs do not address the jurisdictional issue presented. Instead, plaintiffs assert only that the issue was "disposed of" by the United States District Court for the District of Columbia and refer to the district court's memorandum opinion as a referral to this Court. Plaintiffs' Response at 4-5 and note 2. Contrary to plaintiffs' assertions, the district court did not purport to decide the jurisdiction of this Court. See Memorandum Opinion dated July 5, 2005 at 10-11.[1] In fact, the district court denied plaintiffs belated motion to transfer and in so doing, expressly refused plaintiffs request that it make an "expression" of its views regarding the jurisdiction of this Court. See Memorandum Opinion dated October 24, 2005, at 7-8. In any event "[s]ubject matter jurisdiction may be challenged at any time by the parties, the Court *sua sponte* and even on appeal." Zhengxing v. United States, 71 Fed. Cl. 732, 737 (2006) (citing Booth v. United States, 990 F.2d 617, 620 (Fed. Cir. 1993). Moreover, "the Court cannot disregard the obligation to examine its own jurisdiction." Taylor v. United States, No. 05-1045C, 2006 WL 2949283, at 6 (Fed. Cl. Oct. 13, 2006) citing View Eng'g, Inc. V. Robotic Visions Sys., Inc., 115 F.3d 962, 963 (Fed. Cir. 1997).

The Tucker Act expressly provides that this Court

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department or any express or implied contract with the United States . . . in cases not sounding in tort.

---

[1] For the Court's convenience, the district court's July 5, 2005 and October 24, 2005 opinions are attached as an addendum to this Reply.

28 U.S.C. § 1491(a)(1)(underline added). As this Court has held, it "does not have jurisdiction to hear claims against the United States for damages arising in tort. Zhengxing, 71 Fed. Cl. at 739.

It is well settled that claims of fraud and misrepresentation and wrongful inducement are claims sounding in tort. Aetna Cas. and Sur. Co. v. United States, 655 F.2d at 1059; Somali Development Bank v. United States, 508 F.2d at 821.

As we explained in our motion to dismiss, although the Court has recognized an exception to the bar on hearing tort claims for situations where the plaintiff's tort claim is "entirely dependent on, and in fact evolves from the contract," Dureiko v. United States, 42 Fed. Cl. 568, 582 (1998), that exception depends upon the existence of contractual relations. Wood v. United States, 961 F.2d 195, 198 (Fed. Cir. 1992). As explained in D.F.K. Enters., Inc. v. United States, 45 Fed. Cl. 280, 284 (1999), where a valid contract is alleged, the "relevant inquiry is whether there is a nexus between the alleged tortious conduct and some alleged contractual obligation." D.F.K. Enters., Inc. v. United States, 45 Fed. Cl. at 284. In this case, the Williams's tort claim seeks to void the only contract alleged. The Williams's tort claim has no nexus to any term of the settlement agreement, plainly sounds in tort, and, consequently, is not within the jurisdiction of this Court. See D.V. Gonzalez Electric & General Contractors, Inc. v. United States, 55 Fed. Cl. 447, (2003) (claim that estimated cost was negligently misrepresented not within Court's jurisdiction because Government had no contractual duty to disclose the estimate).

II. Count Two Should Also Be Dismissed

As we demonstrated in our motion to dismiss, to establish jurisdiction based upon

contract, plaintiffs must present a claim for "actual, presently-due money damages from the United States." United States v. King, 395 U.S. 1, 3 (1969); New York Life Ins. Co. v. United States, 118 F. 3d 1553, 1556 (Fed. Cir. 1997) ("The claim must, of course, be for money"). Plaintiffs must establish that a substantive right for money damages exists and is enforceable against the United States. Griswold v. United States, 61 Fed. Cl. 458, 465 (2004). Id. (citing United States v. Testan, 424 U.S. 392, 398 (1976)). Moreover, the alleged substantive right must be fairly interpreted as mandating compensation by the Government for the damage sustained. Id.

In this case, plaintiffs allege that the Department of Agriculture breached a 2002 settlement agreement by denying their 2003 loan application. Compl. ¶¶ 30, 36. However, the 2002 settlement agreement provides that the remedy for the agency's non-compliance is specific performance via a request to the Office of Civil Rights, a remedy this Court cannot provide. See Compl. Ex. 1, ¶ 10. Thus, the substantive right plaintiffs identify does not entitle them to money damages. See Griswold, 61 Fed. Cl. at 465-66 (finding that plaintiffs' identified substantive right to notice cannot be fairly interpreted to require the Government to pay money for the damages sustained).

Moreover, as we explained in our motion, to the extent that plaintiffs are alleging that the Department of Agriculture breached the settlement agreement because it discriminated against the plaintiffs, the 2002 settlement agreement follows regulations that provide that claims of discrimination may be filed with the Assistant Secretary for Civil Rights, with judicial review available for any action taken. See 7 C.F.R. §§ 15.6, 15.11, 15d.4. Indeed, plaintiffs' claim that denial of the 2003 loan violated the Equal Credit Opportunity Act remains pending in the district

court. See Williams v. Johanns, No. 03-2245 (D.D.C.).[2] Accordingly, plaintiffs have failed to present a claim for actual, presently-due money damages, and their claim that the 2002 settlement agreement was breached should be dismissed for lack of jurisdiction. See Schnelle v.United States, 69 Fed. Cl. 463 (2006).

Plaintiffs do not specifically address our argument in their response. Instead, plaintiffs rest their response solely upon their citation of Stovall v. United States, 71 Fed. Cl. 696 (2006). Plaintiffs' Response at 3-4. To the extent that Stovall is relevant here, the decision supports dismissal. Specifically, Stovall expressly recognizes that Congress may "withdraw" jurisdiction under the Tucker Act from this Court by vesting jurisdiction in another court. Stovall at 6 citing Tex. Peanut Farmers v. United States, 409 F.3d 1370, 1373-74 (Fed. Cir. 2005). That has occurred here pursuant to 7 U.S.C. § 6999.

As we explained in our motion, an adverse decision by the Farm Service Agency ("FSA") denying a loan application is subject to a comprehensive administrative review process. A party aggrieved by such a decision may file an appeal with, or seek reconsideration by, the local FSA Farm Loan Manager. See 7 C.F.R. §§ 780.6, 780.7. In addition, parties may appeal adverse decisions to the National Appeals Division, an Agriculture appeals board that offers a participant the right to a hearing in his state of residence as well as a right to an immediate appeal of an adverse determination by the hearing officer. See 7 U.S.C. § 6992(a); 7 C.F.R. § 780.7; 7 C.F.R. Part 11.

---

[2] In the event the Court were to deny our current motion to dismiss the second count in plaintiffs' complaint, that count may nevertheless be beyond this Court's jurisdiction pursuant to 28 U.S.C. § 1500 because it is based upon the same operative facts, the denial of a loan application in 2003, as the district court complaint, and both cases seek an award of money damages. See Hall v. United States, No. 05-527C, 2006 WL 3093979 (Fed. Cl. Oct. 31, 2006).

Pursuant to 7 U.S.C. 6912(e), Congress expressly required exhaustion of these non-judicial means prior to instituting any suit in Federal court against the Government. This Court, on several occasions, has refused to entertain claims by plaintiffs who have failed to exhaust the NAD appeals process. See Ace Property & Cas. Ins. Co. v. United States, 60 Fed. Cl. 175, 184 (2004); Farmers & Merchants Bank v. United States, 43 Fed. Cl. 38 (1999). In Farmers & Merchants Bank, the Court held that, even for claims of breach of contract over which this Court otherwise would possess jurisdiction, "the plain language of [7 U.S.C. 6912(e)] demonstrates a clear legislative intent to require all parties dissatisfied with FSA decisions to exhaust the NAD appeals process, before filing suit in any court." Farmers & Merchants Bank, 43 Fed. Cl. at 40 (1999). See also McCarthy v. Madigan, 503 U.S. 140, 144 (1992) ("Where Congress specifically mandates, exhaustion is required"). Moreover, as recognized in Farmers & Merchants Bank, Congress expressly provided that appeals from the NAD may only lie in the United States District Court. 7 U.S.C. § 6999.

Another case relied upon in Stovall, also supports dismissal here. Specifically, in Massie v. United States, 166 F.3d 1184, 1188 (Fed. Cir. 1999), the court of appeals held that "a contract will not fall within the purview of the Tucker Act if Congress has placed jurisdiction over it elsewhere." The Massie court determined that this Court could entertain suit upon a settlement agreement related to claims under the Military Claims Act because the suit sought to enforce the express terms of the contract embodied in the settlement and did not challenge the underlying agency decision. Massie 166 F.3d at 1189. As a recent decision of this Court summarized the holding in Massie, "[t]he Federal Circuit explained that plaintiff was not attempting to challenge the substance of the agreement but was trying to enforce its terms." Taylor v. United States, No.

05-1045C, 2006 WL 2949283, at 9.

Here, plaintiffs are attempting to challenge the substance of the agreement. In the settlement agreement, the Department of Agriculture agreed to pay plaintiffs $31,250, to release outstanding debt and to pay attorney fees. Compl. Ex. 1, ¶¶ 1-3. The complaint does not allege that any of these terms were not satisfied. In fact, plaintiffs admit that the terms of the agreement were "paid," Compl. ¶ 24, and seek damages based upon allegations of discrimination. Compl. ¶¶ 37, 38.

The only allegation of contract breach contained in the complaint refers to a term of the settlement that this Court cannot enforce. Compl. ¶ 30, 36. Specifically, plaintiffs' settlement provides that the debt discharge plaintiffs received would not be used negatively in the consideration of a future application. Compl. Ex. 1, ¶ 1. Although plaintiffs claim this provision was breached and seek breach damages, Compl. Ex. 1, ¶ 3, the agreement itself provides that enforcement is to be obtained through appeal to the Director, Office of Civil Rights, USDA. Compl. Ex. 1, ¶ 10. Plaintiffs did seek enforcement, Compl. ¶¶ 27, 28, and continue to pursue that remedy in the United States District Court. Compl. ¶ 29. To seek a different remedy in this Court is to attack the substance of the agreement itself. Unlike the plaintiff in Massie, plaintiffs here do not seek enforcement of the agreement, but seek to press a claim properly brought before the Department of Agriculture and thereafter before a United States District Court.

Pursuant to the terms of the settlement agreement relied upon and the complaint, plaintiffs do not present a claim for presently due money damages and instead present a claim that Congress has provided is subject to mandatory administrative review by the Department of

Agriculture, with judicial review only in the United States District Court.

**CONCLUSION**

For the reasons explained in our motion to dismiss and in this reply, defendant respectfully requests that the Court dismiss the complaint in this case.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

s/Kirk T. Manhardt
KIRK T. MANHARDT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-0541
Fax: (202) 305-7643
Attorneys for Defendant

RICK GIBSON

Department of Agriculture
Office of the General Counsel
Civil Rights Division
1400 Independence Avenue, S.W.
Suite 3312-S
Washington, D.C. 20540

CERTIFICATE OF FILING

I hereby certify that on November 17, 2006, a copy of foregoing "DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Kirk T. Manhardt
Kirk T. Manhardt