**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ROBERT WILLIAMS and LAVERNE WILLIAMS** | ) | |
| **Plaintiffs** | ) | |
| **v.** | ) | **No. 06-124C (Judge Williams)** |
| **THE UNITED STATES OF AMERICA** | ) | |
| **Defendant** | ) | |

**PLAINTIFFS' SUREPLY TO DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

**HONORABLE CLAIMS COURT JUDGE WILLIAMS:**

This Court should not dismiss the Plaintiffs' Complaint as Defendant has asserted no authority, other than that relating specifically to federal tort law, which would deny this Court jurisdiction of the Plaintiffs' breach of contract, fraudulent inducement and misrepresentation claims in this matter which was based on admitted discrimination in the first instance.

**SUMMARY OF SURREPLY IN OPPOSITION TO DISMISSAL OF ACTION**

Defendant would have this Court adopt their duplicitous and now argued position that the Williams' action is a tort claim for the express purpose of denying these black farmers a judicial forum in which to bring their properly laid claims. Defendant's effort here is to deny the Plaintiffs any remedy what so ever for the injuries suffered as a result of the Defendant's non-arms length dealings and efforts to shield at all costs Defendant

from the injuries flowing directly from their intentional breaches of the contract and from their unclean hands (laches.)

The essential cause of this action is properly brought and based on the "Settlement Agreement," a contract, and the breaches which can be measured in money damages. The Honorable Judge Colleen Kollar-Kotelly opined that this case was a breach of contract matter and that the sub-claims, including the claims of fraud, misrepresentation and inducement matters, should be bought in this Court. Interestingly, Defendants did not raise the "sounds in tort" defense in the district court matter. Plaintiffs are not confused about the jurisdictional issues and have addressed same in the response to Defendant's dismissal motion. Judge Allegra, as previously stated, dealt with the Defendant's contradictory, even inapposite, arguments and actions in the *Stovall* matter, also previously stated.

It is the Defendant's effort to deny the Williams' their remedy even though they know that the Williams' have a right. If there is no remedy, there is no right. In the Williams' matter, denial of remedy where there is an indisputable right would create a legal absurdity; such legal absurdity perpetrated by this Defendant is repugnant to the law and the purposes of judicial system – ascertainment of truth and redress for wrong.

## ARGUMENT

### I. PLAINTIFF'S CLAIM FOR FRAUD, MISREPRESENTATION, UNDUE INFLUENCE IN FORMATION OF THE SETTLEMENT AGREEMENT CAN ONLY BE BROUGHT IN FEDERAL CLAIMS COURT

This is an action to enforce and sue for breaches of a settlement agreement. A Settlement Agreement is a contract and a lawsuit based on a contract is a contract claim.

See *Shaffer v. Veneman*, 325 F.3d 370, 372 (D.C. Cir. 2003). "Under the Tucker Act…a settlement agreement is a contract." *Presidential Associates v. United States*, 175 F.3d 132, 141 (2nd Cir. 1999) similar. As a result any cause of action alleging a breach of the 2005 Settlement Agreement between the Williams and the USDA can be brought only in the Court of Claims.

The claims of a contract breach are clearly within the Tucker Act. Fraud, misrepresentation, and coercion are clear contract breaches, these claims are entirely dependent on contract and in fact evolve from the contract because the agreement created a waiver of sovereignty limited to the contract provisions of the Tucker Act. The claims arise from contractual obligations of each party, the formation, and execution of the settlement agreement.

A tort claim is an improper characterization, especially because any tort claim would fall under the Federal Tort Claims Act, which has no provision or application to content such as the Settlement Agreement. FTCA 28 USC §§ 2671-80; see *United States v. Ken Mar Associates, LTD*, 697 F. Supp. 400, 401-402 (W.D. Okla. 1987). No tort of misrepresentation, fraud, and interference with contract rights actions against the United States is actionable pursuant to Federal Tort Claims Act, 28 USC § 2680(h). Thus, as Judge Allegra, *in Stovall v. United States*, 71 Fed. Cl. 696(2006), and the court in *Schaffer v. Veneman* stated that the Federal Court of Claims is the proper forum and venue and the cause of action should not be dismissed.

**II. THE CLAIM FOR MONEY DAMAGES FOR THE BREACH IN COUNT**

**TWO MUST BE SUSTAINED.**

In contracts, there is a presumption of damages as a remedy. *United States v. Winstar, Corp.,* 518 US 839(1966). The court may establish money damages presently due within the contract terms because "normally contract do not contain specifically the basis for award of damages in case of breach, with the exception of provisions governing damages in particular situations, such as liquidated damages for delay or other specified breaches. *San Juan City College,* 391 F.3d 1361; *United States v. Winstar, Corp.*, 518 US 839(1966).

**CONCLUSION**

Finally, the Defendant has taken contradictory positions on both points raised in the Reply to Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss. In the same issue before the District Court, the Defendant argues the District Court has no jurisdiction because a state law would not allow a claim under FTCA. They also argued the District Court would not have jurisdiction because the action is based on a contract and properly belongs in Federal Claims Court. Again, the Honorable Judge Allegra, in his Stovall opinion, states the simple proposition that the settlement agreement is a contract, that the proper court is the Federal Court of Claims and that the claims can only exist in context of the Tucker Act with money damages that are expected and provable. Such money damages are provable in the instant action.

Respectfully submitted,

James W. Myart, Jr. P.C.
1104 Denver Blvd, Suite 300
San Antonio, Texas 78210
Phone: (210) 533-9461

Fax: (210) 533-4815

By:__________/S/__________________
James W. Myart, Jr.
Federal Bar No. TX 0021

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

The ECF notification to Defendant has been filed herewith.

/s/________________________________
James W. Myart, Jr.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ROBERT WILLIAMS and LAVERNE WILLIAMS** | ) | |
| **Plaintiffs** | ) | |
| **v.** | ) | **No. 06-124C (Judge Williams)** |
| **THE UNITED STATES OF AMERICA** | ) | |
| **Defendant** | ) | |

**PROPOSED ORDER**

After review of the pleadings on file herein and consideration of argument by counsel, the Court is of the opinion that Defendant's dismissal motion should be **DENIED.**

______________________________

**FEDEERAL CLAIMS COURT JUDGE**