No. 06-124C
(Judge Williams)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

ROBERT WILLIAMS and LAVERNE WILLIAMS,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

---

# DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

---

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

KIRK T. MANHARDT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-0541
Fax: (202) 305-7643

Attorneys for Defendant

OF COUNSEL:

RICK GIBSON
Department of Agriculture
Office of the General Counsel
Civil Rights Division
1400 Independence Avenue, S.W.
Suite 3312-S
Washington, D.C. 20540

May 17, 2007

## TABLE OF CONTENTS

**PAGE(S)**

ARGUMENT .......... 2

I. The Court Lacks Jurisdiction Pursuant To 28 U.S.C. § 1500 .......... 2

II. Plaintiffs' Claim For Fraud, Misrepresentation, And Coercion In Formation Of The Settlement Agreement Should Be Dismissed .......... 8

CONCLUSION .......... 11

# TABLE OF AUTHORITIES

## CASES

PAGE(S)

Aetna Cas. and Sur. Co. v. United States,
655 F.2d 1047 (Ct. Cl. 1981) ........ 9

Awad v. United States,
301 F.3d 1367 (Fed. Cir. 2002) ........ 10

Brown v. United States,
105 F.3d 621 (Fed. Cir. 1997) ........ 11

Burtt v. United States,
176 Ct. Cl. 310 (1966) ........ 10

D.F.K. Enters., Inc. v. United States,
45 Fed. Cl. 280 (1999) ........ 11

D.V. Gonzalez Electric & General Contractors, Inc. v. United States,
55 Fed. Cl. 447 (2003) ........ 11

Englert v. United States,
38 Fed. Cl. 366 (1997) ........ 11

Firebaugh Canal Water District v. United States,
70 Fed. Cl. 593 (2006) ........ 8

Hall v. United States,
74 Fed. Cl. 391 (2006) ........ 2

Harbuck v. United States,
378 F.3d 1324 (Fed. Cir. 2004) ........ 3, 7

Johns-Manville corp. v. United States,
855 F.2d 1556 (Fed. Cir. 1988) ........ 3

Keene v. United States,
508 U.S. 200 (1993) ........ 7

L'Enfant Plaza Properties, Inc. V. United States,
645 F.2d 886 (Fed. Cir. 1981) ........ 10

Loveladies Harbor, Inc. v. United States,
27 F.3d 1545 (Fed. Cir. 1994) .................................................. 2, 3

McCormick v. United States,
227 Ct. Cl. 661 (1981) .................................................. 9, 11

OSI, Inc. v. United States,
73 Fed. Cl. 39 (2006) .................................................. 7

Smithson v. United States,
847 F.2d 791 (Fed. Cir. 1988) .................................................. 9, 11

Somali Development Bank v. United States,
508 F.2d 817 (1974) .................................................. 10

Transcountry Packing Co. V. United States,
568 F.2d 1333 (Ct. Cl. 1978) .................................................. 10, 11

United States v. Neustadt,
366 U.S. 696 (1961) .................................................. 9

Williams v. Johanns,
no. 03-2245 (D. D.C.) .................................................. 5

Williams v. Veneman,
no. 1:03CV02245 (D. D.C.) .................................................. 3

Wood v. United States,
961 F.2d 195 (Fed. Cir. 1992) .................................................. 10

Young v. United States,
60 Fed. Cl. 418 (2004) .................................................. 9

Zhengxing v. United States,
71 Fed. Cl. 732 (2006) .................................................. 9

**STATUTES**

7 U.S.C. § 6912(e) .................................................. 2

7 U.S.C. § 6999 .................................................. 2

15 U.S.C. § 1691(a)(1) .................................................. 5

15 U.S.C. § 1691e .......... 2

28 U.S.C. § 1491(a)(1) .......... 9

28 U.S.C. § 1500 .......... passim

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROBERT WILLIAMS and LAVERNE WILLIAMS, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 06-124C (Judge Williams) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S SUPPLEMENTAL BRIEF**
**IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Pursuant to the conference held by this Court on April 5, 2007, and this Court's order dated April 6, 2007, defendant respectfully submits this supplemental brief in support of our motion to dismiss plaintiffs' two-count complaint for lack of subject matter jurisdiction.

This supplemental brief first demonstrates that the complaint should be dismissed pursuant to 28 U.S.C. § 1500 because it involves the same claims that were pending before the United States District Court for the District of Columbia at the time the complaint was filed in this Court. Thereafter, we provide supplemental authority in support of our argument that plaintiffs' claim for fraud, misrepresentation and coercion sounds in tort and, consequently, is not within the jurisdiction of this Court. Finally, as we demonstrated in our motion to dismiss and in our reply, by the terms of the 2002 settlement agreement, plaintiffs' asserted contract claim does not present a claim for presently due money damages. The asserted claim, that plaintiffs' 2003 loan application was improperly denied, must be heard, if at all, in the United States District Court.[1] We do not repeat that argument here.

[1] As we discussed during the April 5 conference, plaintiffs agreed to submit claims regarding the enforcement of their settlement to the Department of Agriculture Office of Civil

## ARGUMENT

I. The Court Lacks Jurisdiction Pursuant To 28 U.S.C. § 1500

This Court lacks jurisdiction to entertain the Williams's complaint. Section 1500 of title 28, United States Code, divests this Court of jurisdiction because, at the time the Williams filed their complaint in this Court, they had pending in another court a claim involving the same operative facts and seeking the same relief. Section 1500 provides that:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

To the extent that a plaintiff attempts to bring claims in this Court that "arise from the same operative facts," and "seek the same relief[,]" sought in another action, section 1500 divests this Court of subject-matter jurisdiction to hear those claims. Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1551 (Fed. Cir. 1994); Hall v. United States, 74 Fed. Cl. 391, 393-94 (2006).

"Claims are the same where they arise from the same operative facts even if the operative

---

Rights and agreed that if they remained dissatisfied they would pursue remedies authorized by law. Plaintiffs also agreed that the agreement itself was authorized by statute, regulations and the Equal Credit Opportunity Act. A claim that plaintiffs' loan application was denied due to discrimination is subject to judicial review in the district court pursuant to 15 U.S.C. § 1691e. Review of the denial of plaintiffs' loan application for non-discriminatory reasons is subject to a mandatory exhaustion requirement 7 U.S.C. § 6912(e), with judicial review reserved in the district court, 7 U.S.C. § 6999.

To the extent plaintiffs' fraud claim were to be considered a breach of contract claim, that claim would likewise be subject to the agreed-upon remedy contained in the 2002 settlement agreement and thus would not present a presently due money claim.

facts support different theories which cannot all be brought in one court." Loveladies Harbor, 27 F.3d at 1550 (quoting Johns-Manville Corp. v. United States, 855 F.2d 1556, 1567 (Fed. Cir. 1988)). Thus, "it is 'operative facts' and not legal theories by which claims may be distinguished under § 1500 when the same relief – money damages – is sought." Harbuck v. United States, 378 F.3d 1324,1329 (Fed. Cir. 2004) (citing Loveladies Harbor, 27 F.3d at 1549). Accordingly, for the Court of Federal Claims to be precluded from hearing a claim because the same claim was pending in another court at the time the second complaint was filed, the claim must arise from the same operative facts, and must be seeking the same relief. Id. at 1328 (citing Loveladies Harbor, 27 F.3d at 1551). As we demonstrate below, both conditions are met here.

On November 3, 2003, Mr. and Mrs Williams filed a complaint against the United States in the United States District Court for the District of Columbia, Williams v. Veneman, no. 1:03CV02245 (D. D.C.). Thereafter, on March 22, 2005, the Williams filed a first amended complaint. Attachment 1.

In their first amended complaint the Williams made the following allegations:

Para. 22. While in D.C. in July 2002, Plaintiffs spoke directly with Defendants Veneman, Thompson and Isler regarding their case and were assured that their case would be settled. After meeting in D.C., Defendants Isler and Thompson expressed an interest in travelling to Texas to interview Plaintiffs and obtain more information regarding the 2002 complaint. In good faith, Plaintiffs' attorney gave Defendants permission to meet with Plaintiffs outside his presence to gather more information regarding their complaint. Defendants Isler and Thompson traveled to Texas and met with Plaintiffs in the presence of their adult daughter, Gwen Williams. The meeting was by no means an interview. Instead, Defendants took advantage of the opportunity to talk to Plaintiffs outside the presence of their attorney to try to pressure them into settlement of their claims.

Para. 23. During the meeting in Texas, Defendants coerced Plaintiffs to terminate Attorney Myart because the case would not settle at all if Myart continued to represent them. At the prompting and instigation of Defendants Isler and Thompson, Plaintiffs sent a termination letter to Attorney Myart so that they could settle their claims against Defendants. Defendants Isler and Thompson [then] pressured Plaintiffs into agreeing to the 2002 Resolution Agreement. *See* Exhibit A. 2002 Resolution Agreement provided for compensatory damages totaling $25,000. *Id.* It did not, however, reflect that Defendants Isler and Thompson told Plaintiffs that the $25,000.00 was for payment of Plaintiffs' tractor and not for compensatory damages. *Id.* The 2002 Resolution Agreement was valued far less than the value of Plaintiffs' claim, did not make Plaintiffs['] whole under the law and, in fact, left them in a worse financial and emotionally debilitating position [than] they were in prior to the 2002 Resolution Agreement. Defendants' acts in obtaining the 2002 Resolution Agreement were clearly discriminatory and demonstrate a continued pattern of discrimination by Defendants when reviewing the history of their dealings with Plaintiffs.

Para. 28 Plaintiffs applied to the FSA for a farm operation loan in 2003. After completing the application, Plaintiffs submitted it to Roger Colina, the loan officer for Fisher County, Texas. . . . Thereafter, Mr. Colina advised that their application had been denied as it was fraudulent because Plaintiffs had failed to list their tractor as an asset. Rather than being permitted to amend this error, Plaintiffs' loan application was denied.

In their causes of action, plaintiffs alleged a Fifth Amendment violation based upon the denial of their 2003 loan application. Compl. ¶ 34. In addition, plaintiffs alleged that the denial of their 2003 loan application violated the Equal Credit Opportunity Act:

Para. 39. Defendants' violations of the ECOA include, but are not limited to, the following:

a. Their handling of Plaintiffs' 2003 loan application;

b. Their denial of Plaintiffs' 2003 loan application;

c. The manner in which they obtained consent to the 2002 Settlement

Agreement; and

[d.] The manner in which they convinced Plaintiffs to terminate their legal representation in order to coerce Plaintiffs into agreeing to the 2002 Settlement Agreement.

Para. 40. The ECOA prohibits racial discrimination in any aspect of a credit transaction. [*See* 15 U.S.C. § 1691(a)(1)]. The handling of 2002 Resolution Agreement directly related to Plaintiffs' repeated attempted credit transactions with the FSA, and can be considered a credit transaction in itself given that it addressed loans currently outstanding. Defendants should not be permitted to avoid Plaintiffs' claims for discrimination and violations of the ECOA relating to the 2002 Resolution agreement given that Defendant drafted the contract, Defendants deliberately misled Plaintiffs when obtaining their agreement to it and Defendants induced Plaintiffs to agree to it without the advice of counsel. Plaintiffs claims relating to the 2002 Resolution Agreement are factually interdependent with their claims arising upon the date that Agreement was made and subsequently. Obviously, a material issue exists as to whether Plaintiffs intended to release claims against Defendants for Defendants' acts of discrimination in procuring the 2002 Resolution Agreement.

As relief, the Williams expressly sought "compensatory damages" in paragraph 41 of the first amended complaint. In their prayer for relief, the Williams sought compensatory damages, injunctive relief and an award of attorney fees. Compl. pp. 16-17.

On July 5, 2005, the district court dismissed plaintiffs claims relating to the 2002 settlement. See Addendum to Defendants Reply to Plaintiff's Response to Defendant's Motion to Dismiss. The Williams's claim relating to the denial of plaintiffs' 2003 loan application remains before the district court. Plaintiffs' claims relating to the 2002 settlement have not been the subject of a final judgment in the district court. Williams v. Johanns, no. 03-2245 (D.D.C.)

Plaintiffs filed their complaint in this Court on February 22, 2006. That complaint includes allegations regarding the execution of the 2002 settlement agreement that are nearly

identical to the allegations contained in the district court complaint. CFC Compl. ¶¶ 17-25.

In addition, plaintiffs alleged:

Para 29. Plaintiffs, as afore mentioned, applied for loans subsequent to the Agreement. Those loans are subject to the ECOA claims pending pending in the District Court, and they represent a material breach in the Agreement resulting in further injury to Plaintiffs, claim for which is made here.

Para. 30. Commencing in January 2003, Plaintiffs again, attempted to secure loans and services from USDA. The Agreement provided among other things, "The release of all debt will not be used by USDA or FSA in any negative manner in conjunction with Mr. And Mrs. Williams' application for or participation in, any USDA or FSA program, benefit or activity." Defendant is in total breach of this provision, among others. See Exhibit 1.

In their causes of action, plaintiffs asserted the same allegations of fraud and coercion regarding the 2002 settlement agreement that they made in the district court. CFC Compl. ¶¶ 32-34. Plaintiffs also made the same complaints regarding the actions of Government officials, including:

a. Their handling of Plaintiffs' loan applications subsequent to the 2002 Resolution Agreement;

b. Their denial of Plaintiffs' loan application submitted subsequent to the January 2002 Resolution Agreement;

c. Their misrepresentation of the compensatory damages section of the 2002 Resolution Agreement.

CFC Compl. ¶ 36.

As relief, the complaint before this Court seeks monetary damages, injunctive relief and an award of attorney fees. CFC Compl. pp. 11-12.

As demonstrated above, plaintiffs' complaint in the district court arises from the same

operative facts as the claims before this Court. The allegations are virtually identical; both complaints seek review of the handling and denial of the plaintiffs' 2003 loan application. The difference between the theories in the two complaints "are but different manifestations of the same underlying claim," Harbuck v. United States, 378 F.3d at 1329. In both cases, the Williams seek money damages for the denial of their 2003 loan application.

The requirement of section 1500 that plaintiffs seek the same relief is met whenever "there is some overlap in the relief requested." Keene v. United States, 508 U.S. 200, 212 (1993). As the Court of Appeals for the Federal Circuit has held:

> The inclusion of other and different requested relief in the two complaints does not avoid the application of that provision [Section 1500]. *Keene Corp.*, 508 U.S. at 212, 113 S. Ct. 2035 (holding that § 1500 applies if "there [is] some overlap in the relief requested"). As long as the same relief is sought in both cases-here money damages-the second prong of the § 1500 requirement that the "same relief" be involved in both cases is satisfied.

Harbuck v. United States, 378 F.3d at 1329.[2] Here, both complaints seek the same relief, including money damages. Plaintiffs' district court complaint expressly seeks money damages, injunctive relief and an award of attorney fees, while the complaint in this Court seeks money damages, injunctive relief and an award of attorney fees. Consequently, because the district court complaint was pending at the time plaintiffs filed their complaint in this Court, pursuant to 28 U.S.C. § 1500, this Court lacks jurisdiction to entertain the complaint.

As explained above, the Williams's two complaints involve the same operative facts, that

---

[2] During the April 5, 2007 telephonic conference the Court referred the parties to OSI, Inc. v. United States, 73 Fed. Cl. 39 (2006). In that case, the Court distinguished between claims based upon the monetary relief sought. Here, the monetary relief sought by the Williams in their two cases is not different.

is, the handling and denial of the 2003 loan application. In addition, until judgment has been entered, the contract claims remain pending in the district court notwithstanding the July 5, 2005 opinion that determined that those claims should be dismissed. As this Court held in Firebaugh Canal Water District v. United States, 70 Fed. Cl. 593, 598 (2006), the Federal Rules of Civil Procedure expressly provide that the adjudication of one claim in a case involving multiple claims

> shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed. R. Civ. P. 54(b). Because judgment has not been entered on the contract claims in the district court, the contract claims have not been terminated and the July 5, 2005, opinion remains subject to revision. Consequently, all claims alleged in the Williams's first amended complaint in the district court were pending at the time plaintiffs filed their complaint in this Court and the operative facts before the district court and this Court are virtually identical. Pursuant to section 1500, this Court lacks jurisdiction to entertain plaintiffs' complaint. Firebaugh, 70 Fed. Cl. at 598-99.[3]

## II. Plaintiffs' Claim For Fraud, Misrepresentation, And Coercion In Formation Of The Settlement Agreement Should Be Dismissed

The Tucker Act expressly provides that this Court

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department or any

[3] Although Young v. United States, 60 Fed. Cl. 418 (2004), reached a contrary conclusion regarding when a claim remains pending, that case did not address Fed. R. Civ. P. 54(b).

> express or implied contract with the United States . . . in cases not sounding in tort.

28 U.S.C. § 1491(a)(1)(underline added). This Court "does not have jurisdiction to hear claims against the United States for damages arising in tort." Zhengxing v. United States, 71 Fed. Cl. 732, 739 (2006).

The first count of plaintiffs' complaint alleges that employees of the Department of Agriculture "forced and coerced, through material misrepresentation and fraud, the 2002 [Settlement] Agreement upon Plaintiffs." Compl. ¶ 32. The complaint further alleges that Government officials acted with "the intent to deceive Plaintiffs." Compl. ¶ 32. In terms of specific misrepresentations, the complaint alleges that Government officials made misrepresentations "as to the purpose of terminating Plaintiffs' Counsel" Compl. ¶ 33(a) and intentionally withheld information regarding another case Compl. ¶ 34. As relief, plaintiffs expressly "seek the Agreement be voided." Compl. ¶ 34.

It is well-settled that a claim of misrepresentation is a tort. United States v. Neustadt, 366 U.S. 696, 706 (1961). It also is beyond dispute that the Williams allege misrepresentation. Compl. ¶¶ 32-34. Moreover, as the United States Court of Claims held, "claims based on negligent misrepresentation, wrongful inducement, or the careless performance of a duty allegedly owed, are claims sounding in tort." Aetna Cas. and Sur. Co. v. United States, 655 F.2d 1047, 1059 (Ct. Cl. 1981). Finally, even where a contract exists between the parties, an action based upon an allegation that Government officials committed misfeasance or malfeasance is a suit sounding in tort that is not within the jurisdiction of this Court. Smithson v. United States, 847 F.2d 791, 794 (Fed. Cir. 1988) (FmHA loan agreement); McCormick v. United States, 227

Ct. Cl. 661, 665 (1981) (FmHA loan agreement); Transcountry Packing Co. V. United States, 568 F.2d 1333, 1336-37 (Ct. Cl. 1978) (bids for contracts).

The law in this Circuit is well-illustrated in Somali Development Bank v. United States, 508 F.2d 817, 821 (1974). In Somali Development, in explaining the basis for its determination that claims of negligent misrepresentation and wrongful inducement are claims sounding in tort, even when a contract exists between the parties, the Court of Claims reviewed a decision of a district court in which a plaintiff alleged, essentially as the Williams allege here, that it "had been deluded and hoodwinked into an unconscionable bargain." Somali Development 508 F.2d at 822. The claims were found to be torts of "deceit," and were dismissed for lack of jurisdiction Id. In so holding, the Court of Claims expressly declined to follow the opinion of one dissenting Judge who would have entertained the claim based upon a theory of breach of contract. 508 F.2d 823-24.

As we explained in our motion to dismiss, although the Court has recognized an exception to the bar on hearing tort claims, that exception is narrow and applies in instances where there is a connection between the misrepresentation and a contractual obligation, that is, a contractual undertaking, of the United States. L'Enfant Plaza Properties, Inc. V. United States, 645 F.2d 886, 892 (Fed. Cir. 1981). To state a claim of breach of contract, "[t]he wrong complained of" must be based upon "the Government's breach of promise." Burtt v. United States, 176 Ct. Cl. 310, 314 (1966). The Court of Appeals for the Federal Circuit has reiterated the requirement that a claim which otherwise sounds in tort, may be heard as a breach of contract, only where the claim flows from a broken contractual promise. Wood v. United States, 961 F.2d 195 (Fed. Cir. 1992) (promise to provide airplane certificates); see Awad v. United States, 301 F.3d 1367, 1373 (Fed.

Cir. 2002) (promise to provide passport).[4]

Here, plaintiffs complain of representations allegedly made regarding their attorney and information allegedly withheld from them. CFC Compl. ¶¶ 32-34. Plaintiffs "fraud, misrepresentation and coercion" claim is not based upon any promise or undertaking contained in the 2002 settlement agreement. As such, they do not state a claim of breach of contract. See D.V. Gonzalez Electric & General Contractors, Inc. v. United States, 55 Fed. Cl. 447, (2003) (claim that estimated cost was negligently misrepresented not within Court's jurisdiction). Instead, their claim involves allegations of malfeasance by Government officials, a claim sounding in tort. Smithson v. United States, 847 F.2d at 794; McCormick v. United States, 227 Ct. Cl. at 665; see Transcountry Packing Co. V. United States, 568 F.2d at 1336-37; see Englert v. United States, 38 Fed. Cl. 366, 373 (1997), citing Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997) ("this court has no jurisdiction to entertain allegations of fraudulent actions of government employees").

**CONCLUSION**

For the reasons explained in our motion to dismiss, our reply and in this supplemental brief, defendant respectfully requests that the Court dismiss the complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

[4] As explained in D.F.K. Enters., Inc. v. United States, 45 Fed. Cl. 280, 284 (1999), where a valid contract is alleged, the "relevant inquiry is whether there is a nexus between the alleged tortious conduct and some alleged contractual obligation."

s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

s/ Kirk T. Manhardt
KIRK T. MANHARDT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-0541
Fax: (202) 305-7643

Attorneys for Defendant

RICK GIBSON

Department of Agriculture
Office of the General Counsel
Civil Rights Division
1400 Independence Avenue, S.W.
Suite 3312-S
Washington, D.C. 20540

May 17, 2007

CERTIFICATE OF FILING

I hereby certify that on May 17, 2007, a copy of foregoing "DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Kirk T. Manhardt

Kirk T. Manhardt